IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF NEW MEXICO
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

CLERK'S COPY

APR 5 1999

LEE R. PHILLIPS,

Plaintiff,

vs.                                                CIV No. 94-1044M

SHEILA E. WIDNALL,
SECRETARY, DEPARTMENT
OF THE AIR FORCE,

Defendant.

## MEMORANDUM OPINION AND ORDER

By Order entered March 5, 1998, the parties were noticed that filings dated January 16, 1998, would be treated as cross-motions for summary judgment. Subsequent to that date, however, and before the cross-motions were decided, Plaintiff filed a Notice of Appeal for review of an Order denying her appointed counsel. While this appeal was promptly dismissed by the Circuit Court on jurisdictional grounds, the motions for summary judgment unfortunately have remained pending for some time. It appears that the district court file was marked "closed," and later reopened, without notation of pending motions. At the same time, the parties' January 1998 filings were not labeled as motions for summary judgment. Thus, some of the delay in addressing the motions is attributable to time taken for the interlocutory appeal, but additional delay resulted from case reports which failed to indicate motions for summary judgment pending.

With the cross-motions now brought to my attention, I have fully considered the record, the briefs of the parties, the applicable law, and the decision of remand from the Tenth

Circuit Court of Appeals. I find and conclude, first, that hearing on the two questions presented by the Tenth Circuit decision is neither requested by the parties nor necessary to determination of the issues, and secondly, with regard to nine of Plaintiff's ten employment discrimination complaints, that the material facts are not disputed. There being no genuine issues of fact as to these claims, partial summary judgment is appropriate.

Therefore, I will enter judgment in favor of the Defendant for failure of the Plaintiff to exhaust administrative remedies on nine out of the ten employment complaints filed by Plaintiff with Defendant's agency and subsequently filed in the present civil action. Summary judgment is denied as to one of Plaintiff's complaints. As to this one, I find that Plaintiff left her complaint with Defendant's agency for a full 180 days before filing a civil action on the same grounds (which Plaintiff failed to do with several other of her employment discrimination complaints), and also that Defendant's agency did not act on the allegations of the complaint within the 180-day period. Together these facts permit a judicial action because Plaintiff properly exhausted her administrative remedy. This single claim is properly before the court and presents disputed factual issues. Thus, matters reasonably encompassed within the complaint filed with Defendants' agency on February 11, 1994, are not included in the partial summary judgment to enter as a result of this Memorandum Opinion and will be heard at trial.

### Findings of Fact and Conclusions of Law

Plaintiff filed her first civil action against Defendant in 1993. This federal court complaint alleged continuing discrimination in employment in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. It also alleged a violation of the

Privacy Act. In 1994, by ruling of the United States District Court for the District of New Mexico, this case was dismissed without prejudice because Plaintiff had failed to exhaust her administrative remedies. Yet, Plaintiff did not return to the administrative process at this time. Instead, she filed the present case and again asserted claims of continuing employment discrimination, as well as reprisal for protected activity. On October 22, 1996, the claims of the second complaint were also dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff appealed this dismissal to the United States Court of Appeals for the Tenth Circuit, which remanded by Order dated October 2, 1997, with instructions to answer two questions left unexamined, both necessary to decide whether Plaintiff's judicial claims are barred. The first of these two questions is whether Plaintiff's refusal to meet with Defendant's agency personnel regarding her complaints of discrimination hindered or obstructed the agency's ability to process the complaints. The second is whether the Defendant's agency failed to render a final decision on Plaintiff's complaints within the 180 days allotted by Title VII (at 42 U.S.C. Sec. 2000e-16) and by EEOC regulations at 29 C.F.R. Sec. 1614.408(b).

After the remand, I requested by letter that the parties address the status of the case. Rather than a summary of how the parties desired or intended to proceed, I received lengthy briefs and discussions of the facts and the law. It is these to which I ordered the parties to respond and these (as the parties were advised) which are now treated as cross-motions for summary judgment. From what the parties present, I find the facts and legal sufficiency of only one employment discrimination complaint remains at issue.

## A. Employment Discrimination Complaints
## Against Federal Agencies

The procedures for bringing an employment discrimination complaint against a federal agency are not simple. From the complainant's initial notice to the agency (referred to as the "pre-complaint" stage) through the agency's action or nonaction on the substance of the complaint, as well as appeal of the agency's decision to the EEOC, the process is controlled by various mandatory filings and deadlines.

Federal regulations for the processing of "Federal Sector Equal Employment Opportunity" claims require that:

a. "Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter," and must initiate this contact within 45 days "of the date of the matter alleged to be discriminatory," 29 C.F.R.Sec. 1614.105(a);

b. If the matter is not resolved satisfactorily at the informal stage within 30 days, the agency must give notice of the aggrieved person's right to file a discrimination complaint within 15 days, 29 C.F.R. Sec. 1614.105(d), and the aggrieved person must file a complaint with the agency within 15 days of receiving such notice, 29 C.F.R. Sec. 1614.106(b);

c. "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to described generally the action(s) or practice(s) that form the basis of the complaint. The complaint must also contain a telephone number and address where the complainant or the representative can be contacted." 29 C.F.R. Sec. 1614.106(c).

Regulations thus require a "pre-complaint processing" for employment discrimination claims and also place both complainant and agency under strict time constraints. Where the

pre-complaint processing does not result in resolution of the complaint, regulations at 29 C.F.R. Section 1614.106 require filing of a formal complaint in writing. There are no other paths or alternatives. Section 1614.106(a) states: "A complaint *must* be filed with the agency that allegedly discriminated against the complainant [emphasis added]." Subsection (c) requires the complaint be in writing.

Resolution of an employment discrimination complaint by the allegedly offending federal agency, either at the pre-complaint stage or after a formal, written complaint has been filed, is not mandatory. Under the legislative scheme, the administrative agency, whether or not it acts fairly, efficiently, and in good faith, is to have complete control of an employment complaint for 180 days. 29 C.F.R. Section 1614.106(d)(2). Regardless of whether the agency takes steps to investigate or to resolve the complaint, the administrative process is not complete until the agency has had possession of the complaint for at least 180 days. Id. The only remedy for agency inaction or failure to resolve is complainant's eventual filing of a civil action in a United States District Court. 29 C.F.R. Section 1614.408.

Filing an employment complaint directly with the United States District Court is not permitted. The regulation at 29 C.F.R. Section 1614.408 reads in part: "A complainant *who has filed an individual complaint* . . . .is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action. . . [emphasis added]." The requirement of filing with the federal agency first is absolute. Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993). Only *after* filing a complaint of discrimination with the federal agency, and allowing the agency not less than 180 days to process the complaint (even if the agency fails to process the complaint), can a complainant file in court. Even then, as detailed in 29 C.F.R. Section 1416.408, a

5

complainant may file a civil action only under specific, limited circumstances:

    a. Within 90 days of receipt of a final agency decision,

    b. After 180 days from the date of filing the agency complaint, if the agency has issued no final decision,

    c. In the event of an appeal to the EEOC, within 90 days of receipt of an EEOC decision, or

    d. After 180 days from the filing an EEOC appeal, if there is no final decision from the EEOC within the 180 days.

### B. The History of
### Plaintiff's Employment Discrimination Complaints

Defendant's Memorandum on the Issues Remanded by the Court of Appeals for the Tenth Circuit itemizes the following facts relevant to exhaustion of administrative remedies, all of which I find documented in the record and not disputed by the Plaintiff:

1. Plaintiff was employed by Defendant at Kirtland Air Force Base, Albuquerque, New Mexico, between December 1987 and February 11, 1994.

2. In July 1988, Plaintiff filed an equal employment opportunity (EEO) complaint with Defendant's agency. The complaint was dismissed by the agency in November 1988, after the agency determined Plaintiff had been granted full relief. On Plaintiff's appeal of the dismissal to the Equal Employment Opportunity Commission (EEOC), the agency action was affirmed.

3. On July 6, 1990, Plaintiff filed a second EEO complaint against Defendant's agency; and on July 10, 1990, Plaintiff entered into a negotiated settlement agreement which provided that no reprisal action would be taken against Plaintiff for the filing of an EEO complaint and that Plaintiff would be placed in a clerk typist position in the Morale, Welfare and Recreation

Division of Defendant's agency.

4. By letter dated January 1, 1993, Plaintiff requested reinstatement of the second EEO complaint on the grounds that the agency had retaliated against her and had violated the settlement agreement. Defendant's agency denied the request for reinstatement on the grounds that (a) Plaintiff failed to provide evidence of a violation of the agreement, (b) Plaintiff failed to raise her complaint within thirty days of the alleged breach of the agreement, as required by 29 C.F.R. Sec. 1614.504(a), and (c) Plaintiff failed to establish how the actions complained of were discriminatory.

5. Plaintiff appealed the agency's refusal to reinstate the second complaint to EEOC, and EEOC ruled that, instead of reinstating an old complaint, Plaintiff should have filed a new complaint and Defendant's agency should have treated Plaintiff's allegations of retaliation and breach of the settlement agreement as a new and independent complaint. EEOC remanded to the agency for processing Plaintiff's grievances as a new complaint.

6. In response to the EEOC remand, Defendant's agency assigned an EEO counselor to Plaintiff's case. Pursuant to 29 C.F.R. Sec. 1614.105(d), the EEO counselor decided that pre-complaint processing had already been completed, and scheduled Plaintiff for a final interview, but Plaintiff declined the interview and requested the information be mailed to her.

7. On November 12, 1993, the EEO counselor sent Plaintiff notice by letter that (a) she had a right to file a new EEO claim alleging breach of the settlement agreement and (b) pursuant to 29 C.F.R. Sec. 1614(d), she had fifteen days within which to file it.

8. Plaintiff failed to file a complaint of discrimination with Defendant's agency within fifteen days of receipt of the November 12 notice, and therefore, she failed to renew her

allegations of breach of the settlement agreement as required by the EEOC decision.

9. On December 11, 1993, Plaintiff requested the EEOC to enforce its October 1 Order; and on December 22, the EEOC again directed Defendant's agency to arrange for a face-to-face counseling session with Plaintiff.

10. On December 30, before Defendant's agency could comply with the EEOC directive, Plaintiff abandoned the administrative process by filing her first complaint in the United States District Court. In accord with 29 C.R.F. Sec. 1614.107 and Sec. 1614.410, Defendant's agency reasonably considered the filing of a civil action to be Plaintiff's abandonment or termination of the adminstrative process.

11. Despite Section 1614.107(c), which states that a federal agency "shall dismiss a complaint" when it becomes "the basis of a civil action in a United States District Court," and Section 1614.410, which states that "[f]iling a civil action under Sec.1614.408 or Sec.1614.409 shall terminate Commission processing of the appeal," the EEO counselor for Defendant's agency attempted a second time, in January, 1994, to arrange a meeting with Plaintff. Plaintiff neither responded to the letter of January 10, 1994, nor filed a formal administrative complaint alleging breach of the settlement agreement.

12. On September 3, 1993, Plaintiff filed a third administrative complaint which was dismissed by the agency. Plaintiff appealed the dismissal to the EEOC, but 73 days after the filing of her appeal with the EEOC, Plaintiff included the allegations of this third agency complaint in the filing of the first judicial complaint.

13. Plaintiff filed complaints of discrimination with Defendant's agency on October 1, October 7, and October 27, 1993, but on December 30, 1993, she terminated administrative

action on these complaints by including them in the first judicial complaint.

14. Plaintiff filed a seventh complaint of discrimination on November 22, 1993. This complaint was dismissed by Defendant's agency on December 20, 1993. Plaintiff appealed the dismissal to the EEOC on December 22. Even though the EEOC eventually remanded the complaint to Defendant's agency and reinstated the 180-day time period for an agency determination, Plaintiff included the same allegations in her judicial complaint filed December 30, 1993, and by this filing withdrew the complaint from the administrative process.

15. Plaintiff filed an eighth complaint on February 11, 1994. In October of the same year, the agency made a finding of no discrimination, but the agency failed to issue its final decision within 180 days.

16. Plaintiff filed a ninth complaint of discrimination on March 2, 1994. This complaint was dismissed by Defendant's agency in March 1994, as untimely filed. Plaintiff appealed to the EEOC, and the dismissal was affirmed by the EEOC in June, 1994.

17. Plaintiff filed a tenth complaint on March 8, 1994. Defendant dismissed this complaint on April 6. Plaintiff appealed the dismissal to the EEOC, but failed to wait for a final decision of the EEOC or for 180 days to pass without a determination. Filing a civil action on September 14, 1994, Plaintiff allowed only 144 days for the administrative process and by filing the court action, Plaintiff withdrew the tenth complaint from the administrative process.

The present case is susceptible to a partial summary judgment because, by the plain language of the federal regulations, all but one of Plaintiff's agency complaints either (a) were filed in court before the complaint had been with the agency or the EEOC at least 180 days, or

9

(b) were not filed with a court within 90 days of an agency or EEOC final action on the complaint. In all but one complaint, Plaintiff failed to abide by mandatory statutory and regulatory deadlines, and for this reason, in all but one complaint, Plaintiff failed to exhaust her administrative remedies.

After Plaintiff's first two complaints against Defendant's agency, Plaintiff alleged a breach of the agreement which had settled the claims of the second complaint and Plaintiff attempted to have the second complaint reinstated. An EEOC order, however, explicitly directed that Plaintiff's claims of retaliation and breach of a settlement agreement be processed as new claims and not as a reinstated complaint. Despite this direction by the EEOC, Plaintiff refused both to meet with an EEO counselor for "pre-complaint processing" or to file a formal written complaint within the time limit set by the EEOC order and the regulations. Thus, after Plaintiff's first two complaints in 1988 and 1990, even though Plaintiff made her employment problems and discontent obvious to Defendant's agency, she did not initiate a formal employment discrimination complaint with Defendant's agency as she was required to do by 29 C.F.R. Section 1614.106.

While Plaintiff's refusal to meet with the agency's EEO counselor did not prevent processing of Plaintiff's informal claims of retaliation and breach of a settlement agreement, pursuant to 29 C.F.R. Sec. 1614.105, Plaintiff's subsequent failure to file a timely complaint pursuant to Section 1614.106 prevented all further administrative processing of Plaintiff's claims. By failing to file the formal written complaint, as clearly and unequivocably required in 29 C.F.R. Section 1614.106, Plaintiff failed to initiate, much less exhaust, the adminstrative remedies for employment discrimination. Instead of filing a new complaint administratively,

Plaintiff filed a civil action in the United States District Court. Unfortunately for the Plaintiff, she had no legal option at this point to proceed to court. Khader v. Aspin, supra. Pursuant to both the case law and the regulations at 29 C.F.R. Sec. 1614.106 and .408, Plaintiff was required to file and process an agency complaint first. Id.

Not only did Plaintiff file the civil action on her claims of retaliation and breach of a settlement agreement prematurely, she also filed prematurely on five additional complaints which followed it. In every instance but two, Plaintiff did not wait 180 days for agency or EEOC action before filing, and thus, Plaintiff neglected to comply with legal requirements for exhaustion of administrative remedies. She deprived Defendant's agency of a reasonable opportunity to investigate, decide or resolve the allegations. To justify her by-passing the administrative process, Plaintiff relies on her conviction that the complaint processing in Defendant's agency was manifestly inefficient, insensitive and discriminatory. Still, the law does not leave Plaintiff free to abandon the administrative process and move her case to court based on her belief that the administrative process cannot be fair or fruitful. Khader v. Aspin, supra, at 970. The law has establsihed that nothing less than 180 days is a reasonable period to permit the agency to have control of the complaint; and, likewise, the law deprives the court of jurisdiction until that time has elapsed. Id. Accordingly, the first civil action was dismissed.

## C. Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff filed the present case on September 14, 1994. Except for the allegations of Plaintiff's eighth complaint (filed with the agency on February 11, 1994), Plaintiff, as in the first action, failed to comply with time requirements for exhausting administrative remedies.

11

With the ninth complaint, Plaintiff failed to file her civil action within 90 days of the final administrative action. With the tenth complaint, Plaintiff filed her action after waiting 144 days, not the mandatory 180 days, for an EEOC decision on appeal. On September 14, 1994, only Plaintiff's eighth complaint had remained with the agency without a final determination for more than 180 days. All other of Plaintiff's complaints failed, one way or another, to comport with the requirements of Section 1614.408.

Plaintiff's arguments in defense against Defendant's motion for summary judgment fail to recognize the fundamental deficiencies in her case. In Plaintiff's Brief in Response to the Court's November 24, 1997 Letter at p.2, Plaintiff states: "Among some of the EEO complaints which exceeded 180 days in August 1994 was Plaintiff's October 1993 Rehabilitation Act complaint alleging failure of Defendant to provide a reasonable accomodation for Plaintiff's physical disability." Plaintiff states at p. 3: "Also, Plaintiff's March 9, 1994 EEO complaint alleging constructive termination and handicap discrimination was 180 days old in August, 1994." Plaintiff provides no explanation why she uses the August 1994 date or which of three complaints filed in October 1993 she references. In order to establish an exhaustion of administrative remedies, the pertinent date is not the date the court dismissed Plaintiff's claims, but rather the date Plaintiff filed her claims with the court. These dates are December 30, 1993, for the initial case, and September 14, 1994, for the present one. In addition, without establishing the threshold exhaustion of remedies requirement, the merit and substance of Plaintiff's case is immaterial. Therefore, what Plaintiff presents in argument and exhibits to insist that she exhausted administrative remedies is insufficient to establish any facts in her favor or to identity a fact at issue.

The only other argument Plaintiff makes that her complaints were ripe for judicial action is a demand "in writing that the Acting Secretary of the Air Force reinstate her July 6, 1990 handicap and sexual harrasment complaint based on Defendant's breach of a binding settlement agreement.. . . " Id. at pp.2-3. Yet, Plaintiff fails to explain how this communication constitutes the filing of a complaint pursuant to 29 C.F.R. Sec. 1614.106.

Plaintiff also argues that "Defendant refused to comply with rule 29 CFR 1614.501," but the point is not relevant. The issues set out by the Court of Appeals center on whether Plaintiff, by compliance with 29 C.F.R. Sec. 1614.105, .106 and .408, properly exhausted her administrative remedies before she filed a civil action; and even though Plaintiff continuously argues Defendant's failure to abide by the terms of the 1990 settlement agree-ment, she neglects to set out facts, with regard to this claim or any other, which indicate her own compliance with the administrative process as it is dictated by federal regulations. Again, for purposes of the cross-motions for summary judgment, Plaintiff puts no facts at issue to establish she (1) has not hindered or obstructed the agency's ability to process her claims, or (2) has allowed the agency or the EEOC 180 days to come to a determination.

Plaintiff argues strenously that termination of the administrative process, after the EEOC remand of Plaintiff's claims of retaliation and breach of a settlement agreement, was not the fault of the Plaintiff, but of the Defendant. In regard to Defendant's handling of the retaliation and breach of agreement claims, Plaintiff points to numerous deficiencies on the part of the agency, including failure to comply with the mandate of the EEOC and failure to comply with Section 1614.105 (which are identical in their requirements). What Plaintiff fails to recognize is that she complains only of the initial part of the administrative process, that

which occurs as "pre-complaint processing" according to Section 1614.105.

The critical fact, which Plaintiff neither alleges nor establishes, is that after the inadequacy of the "pre-complaint processing" directed by EEOC's Order (and following Section 1614.105), regardless of which side was responsible, Plaintiff failed to file a complaint as required in all circumstances by Section 1614.106. Without such a filing, Defendant had no claims to process and the failure to exhaust administrative remedies becomes not the Defendant's, but the Plaintiff's. Whether Plaintiff understood at the time or not, the straightforward language of Sections 1614.105 and .106 indicates that written notice to the agency is absolutely required for existence of a discrimination complaint and notice pursuant to Section 1614.105 ("pre-complaint processing") is not equivalent under any set of facts to notice pursuant to Section 1614.106 ("individual complaints"). In other words, after *whatever* happens in the Section .105 process, short of full and satisfactory resolution, Plaintiff must make a second statement of her discrimination claims, by the formal process made mandatory by 29 C.F.R. Section 1614.106. Perhaps this would have been more obvious to Plaintiff had she not refused to meet with the EEO counselor for a final interview. After all, explanation of the federal EEO process and the individual's right to file a formal discrimination complaint is the reason for the final interview. But again, the failure here is attributable to Plaintiff; and all that Plaintiff complains of with regard to Defendant's failures are beside the point because Plaintiff never completed what she was obligated to do pursuant to Section 1614.106.

In Plaintiff's Brief in Response to the Court's November 24, 1997 Letter, at pp.5-6, Plaintiff attributes both the failure of the administrative process and her refusal to participate in it to the Defendant and "a discriminatory EEO complaint processing system and processing

practices involving serious conflict of interests and conflict of positions." Without needing to decide the substance of Plaintiff's contentions, both the pertinent statutes and the federal regulations require that Plaintiff wait through the agency process, be it good or bad, and only after the agency, or the EEOC if an appeal, has had claims of discrimination for 180 days may any federally employed individual take those claims to court. Whether, as Plaintiff asserts, Defendant's EEO complaint processing system is discriminatory is not relevant because, except for the single instance cited above, Plaintiff did not utilize the EEO process and because Plaintiff was not free to discard it on her own notion that it was unworkable or unfair, regardless of how accurate her perceptions may have been. Plaintiff's remedy to all she complains of about Defendant's EEO process was to wait it out and assert her right to a civil action *after* the complaint had been in agency or EEOC hands for a full 180 days.

Plaintiff advances the additional argument, to excuse the proper and timely filing of complaints, that her claims are all "reasonably related," meaning those subsequent to the initial or principle complaint were essentially for retaliation and did not require new and separate filings. This argument cannot work for Plaintiff. The EEOC made it clear with regard to the complaint for breach of a settlement agreement that Plaintiff needed to file a new complaint and that both Plaintiff and Defendant should treat the allegations as new and independent. Where Plaintiff was told explicitly that the breach of agreement claim should be treated as an independent complaint, then certainly she had notice every charge after that should be treated as a new complaint, as well.

Even if all complaints after Plaintiff's complaint of breach of a settlement agreement were regarded as a stream of retaliation occasioned by the first incident and so closely related

as to need no later filings (which is an improbable result I do not find), Plaintiff ignored

EEOC's instructions to treat the claim of breach of a settlement agreement as a new and

independent complaint. She failed to file a formal charge in the first place. This leaves

Plaintiff nothing to which she might tie later complaints. In order for a claim of retaliation to

supersede the requirements of a separate complaint and separate exhaustion of remedies

procedures, a plaintiff must "satisfy all jurisdictional prerequisites with respect to the

underlying claim of discrimination." Jones v. Runyon, 91 F.3d 1398, 1402 (10th Cir. 1996),

*cert. denied* 520 U.S. 1115 (1997). "[A] court has jurisdiction to hear an ancillary claim of

retaliation only when the main administrative charge is properly before the court." Id. That is

not the case here.

Plaintiff suggests further, for purposes of permitting the present action, that her failures

to follow the EEO process should be excused on equitable grounds. Plaintiff proposes

application of one or more of the principles of waiver, estoppel, offensive estoppel and

equitable tolling. Nothing in the facts or law of this case, however, permit use of these

doctrines; and nothing Plaintiff cites from other district court cases against Defendant

convinces me otherwise. Most of what Plaintiff references from other district court cases is not

properly a part of the record in this case and little, if any, of it addresses one of the issues

pertinent to the present case by reason of the Tenth Circuit decision.

The equitable principles of waiver, estoppel and equitable tolling are not simple first

aid measures which I may apply at my discretion to excuse Plaintiff's refusal to comply with

well-established exhaustion of remedies requirements. Each concept Plaintiff suggests is a

doctrine which requires specific facts and just cause. Simply put, Defendant had no legal

obligation to resolve Plaintiff's complaints by "pre-complaint processing" procedures and

Plaintiff had no legal basis to shun or neglect these procedures, or those of Section 1614.106,

merely because she anticipated they would not be fruitful. Other than her own outrage,

impatience and dissatisfaction with the agency's actions, Plaintiff provides no justifiable reason

for refusing to leave her claims of discrimination with Defendant's agency for the required 180

days or for failing to file a civil action within 90 days of an agency or EEOC final decision.

Even if Plaintiff's sense that the agency process operated unfairly is well founded, and

even if Plaintiff were to establish a highly inefficient, unfair or unsatisfactory administrative

process, the law demands that claims of employment discrimination be processed first

administratively. This is a long-standing legislative scheme suppported by substantial case law.

I see no reason why I, or Plaintiff, should circumvent it. No doubt it is difficult for Plaintiff to

understand that, because of the absence of procedural steps, I cannot evaluate the merit of

claims she strenously argues and adamantly pursues. Nevertheless, that is the law. I am not

free, by the doctrines Plaintiff proposes or any other, to wipe the slate clean and overlook

legal necessities which are both clearly established and unequivocal.

As a general remedy, Plaintiff states she will seek leave to amend the complaint. I

cannot see how the deficiencies in Plaintiff's case which lead me to render partial summary

judgment against her, all of which are time bound and at this point intractable, can be

ameliorated by an amended complaint. It appears Plaintiff is limited to the one claim in which

she followed the administrative process and no changes in the pleadings could render a

different result.

The court and the parties are left with Plaintiff's claim of discrimination filed with the

agency on February 11, 1994. Defendant refers to this claim as Plaintiff's ninth claim. Listing the complaints chronologically, I have termed it the eighth. In any event, Defendant suggests the claim is subsumed by those which were dismissed in the first civil action. This is a factual determination I cannot make from the record. I also note that the first action was a dismissal without prejudice allowing the same matters to be filed again should Plaintiff establish the exhaustion of remedies requirement.

Alternatively, Defendant argues that this complaint fails to state a claim on which relief can be granted. Defendant may be correct. Defendant's counsel describes the claim as being no more than an agency employee ending a telephone conversation by calling Plaintiff "hon." Defendant contends that, although Plaintiff deemed the comment offensive, it cannot amount to either an adverse employment action or a personal injury. Plaintiff, on the other hand, terms the act damaging and retaliatory.

Whether or not Defendant properly characterizes the eighth claim as the comment "thanks, hon," Defendant is correct that deeming it retaliatory, even proving it retaliatory, is not enough. In order to present a prima facie case of retaliation on Plaintiff's eighth complaint, Plaintiff must establish that she engaged in a protected activity, that she was disadvantaged by an action of her employer subsequent to or contemporaneous with the protected activity, and that a causal connection exists between the protected activity and the adverse employment action. Burrus v. United Telephone Company of Kansas, Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied 459 U.S. 1071 (1982). Clearly, these elements demand an adverse employment action attributable not to a single individual, but to the employer. Plaintiff must also establish that the remark was more than coincidentally linked to the protected activity. Most

importantly, Plaintiff must prove that the single remark complained of constituted more than an individual attempt to degrade or humiliate and objectively harmed Plaintiff's status as an employee. See: <u>Whatley v. Metropolitan Atlanta Rapid Transit Authority</u>, 632 F.2d 1325 (5th Cir. 1980). The proof required of Plaintiff thus appears difficult, at best; but at the same time, the issues raise questions of fact. Therefore, I will allow Plaintiff an opportunity to prove her case, and on this claim, I will not at this point grant summary judgment against the Plaintiff. Despite what Defendant argues to the contrary, on the one claim where Plaintiff exhausted her administrative remedies, Plaintiff is entitled to a trial.

Because the claim which remains is very limited in nature and scope, I see no reason to delay the case further. It appears from the record that the parties should be prepared for a trial in the near future. From what Plaintiff presents on the cross-motions for summary judgment, all of the information, possible witnesses and other evidence necessary to her eighth claim are within Plaintiff's own knowledge and control. Additionally, if the parties believe any more discovery or preparation is required, the case by its newly restricted character appears susceptible to informal discovery steps and to agreements between Plaintiff and Defendant's counsel. In this regard, both Plaintiff and Defendant's counsel are reminded that what is left at issue after entry of partial summary judgment is factually and legally very narrow, and they are instructed to keep this squarely in mind when planning their presentations for trial.

## PRETRIAL MATTERS

I see little basis for burdening the resources of the court or the Defendant for what is a very limited case, both legally and factually. It is expected that all needs will be handled by agreement between Plaintiff and opposing counsel. In such circumstances, the parties need

submit only a pretrial order for my approval, and they should soon, if not presently, be able to prepare an order. In preparing the pretrial order, both sides are cautioned that the witness portion must include the addresses and telephone numbers of the witnesses to be called. Exhibits should be exchanged well in advance of trial and objections discussed. Plaintiff's exhibits are to be premarked using numbers; Defendant's are to be premarked with alphabetical letters.

I realize that Plaintiff has several times urged the court to allow her additional formal discovery and has been refused. Plaintiff is not encouraged to ask again. If Plaintiff intends to ask again, her request must be clear, concise and specific. Plaintiff must be forthcoming in what she intends to prove and how she plans to go about proving it. In order for me to consider any request for discovery from Plaintiff, Plaintiff must list precisely which element of her prima facie case the proposed witness or evidence will address, why the witness or evidence is necessary, why it is relevant, why it is not cumulative, and why the witness, information or evidence is not available for trial without formal discovery. Further, Plaintiff is not to submit any materials or requests for additional time or for discovery without conferring at length with counsel for Defendant. Any request not preceded by an extended attempt to work things out with opposing counsel will be highly disfavored. Plaintiff is also cautioned that the one claim left open for her to present at trial is not a door she can use to reargue the many substantive issues argued several times over in the past and now foreclosed by entry of partial summary judgment.

**NOW, THEREFORE, IT IS ORDERED** that partial summary judgment enter in favor of Defendant on all claims and issues, except for those matters which are reasonably

included in Plaintiff's complaint claim filed with Defendant's agency on February 11, 1994.

**IT IS FURTHER ORDERED** that the parties immediately confer with regard to witnesses and evidence to be presented for trial and submit a pretrial order for my signature. Defendant shall send its portion of this order to Plaintiff in writing, no later than April 21, and Plaintiff shall submit to the court a completed pretrial order, in a form approved by opposing counsel, no later than April 30, 1999. Proposed findings of fact and conclusions of law (with citation of authority) shall be filed no later than May 10. Legal briefs are not to be filed except by leave of the court and requests must be exceptionally explicit and concise.

All motions of any kind not filed by April 21, 1999, will be deemed moot. Because I have examined the facts pertinent to the cross-motions for summary judgment with great care, motions which reargue the merits of Plaintiff's claims or for reconsideration will not be looked upon favorably. This case is not only into its fourth volume, many documents have been filed three and four times in identical form. I am thoroughly familiar at this point with the parties' positions, which have been argued at length, and I do not need additional pages, factual information or legal argument from either side.

## TRIAL SETTING

**IT IS FURTHER ORDERED** that the parties appear for trial in the Brazos Courtroom of the United States Courthouse, 333 Lomas NW, at 10:30 a.m. on Tuesday, May 25, 1999. A pretrial or status conference may be set at a later time if I deem it necessary.

_____
UNITED STATES SENIOR JUDGE