Clerk's Copy
COPY
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 1 4 1999
[signature]
CLERK
148

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE R. PHILLIPS,

Plaintiff,

vs.                                    CIV No. 94-1044M

SHEILA E. WIDNALL,
SECRETARY, DEPARTMENT
OF THE AIR FORCE,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes up on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment as to the One Claim Remaining in this Case. This motion is treated as a motion for summary judgment pursuant to Fed. R.Civ. P. 56, and is Defendant's second such motion. After Defendant's first motion for summary judgment, a Memorandum Opinion and a Judgment were entered which disposed of all but one of Plaintiff's claims. Afterward, Defendant filed additional materials and argument and also provided case law not considered in determining the prior motion. Plaintiff has responded to what Defendant has filed, and Plaintiff has also supplemented that response. I have reviewed the entire record, and find and conclude that judgment for Defendant is proper.

### Retaliation

In the one claim which remains after the Judgment entered April 5, 1999, Plaintiff alleges reprisal for her filing of one or more Title VII employment discrimination complaints against Defendant. This reprisal is said to have occurred when one of Defendant's employees, Roberto

Valenzuela, referred to Plaintiff as "hon" in an attempt "to demean and humiliate" her. Exhibit A to Defendant's Motion (Complaint filed by Plaintiff on February 11, 1994). For purposes of the motion for summary judgment, Defendant has the burden as to this remaining claim of demonstrating the absence of a genuine issue of material fact. Because Defendant is the party moving for the summary judgment, and Defendant would not bear the burden of persuasion if the case were to go to trial, it is sufficient that Defendant simply point out a lack of evidence on an essential element of Plaintiff's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colter v. Dobski & Associates, Inc., 35 F.Supp. 2d 824, 828 (D.Kan.1999). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific evidence that creates a genuine issue of material fact left for trial." Id.

Defendant contends, with legal authority, that Plaintiff cannot demonstrate a prima facie case because, according to Defendant, the remark which Plaintiff believes constitutes retaliation bears no adverse employment consequences, regardless of how derogatory or demeaning the remark may have been. An adverse employment action is unquestionably an element of a retaliation case. Sanchez v. Denver Public Schools, 164 F.3d 527, 531-532 (10th Cir. 1998).

Defendant thus calls Plaintiff's case into question, and in deciding whether Plaintiff's claim presents a genuine issue of material fact, all facts are to be viewed in the light most favorable to the Plaintiff. Id. at 530; Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). A grant of summary judgment is appropriate where there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." Id. at 248. A material fact is defined as a fact which is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., supra at 248. A fact or issue is genuine if a reasonable jury could resolve the issue either way. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

It is uncontested that at the time Plaintiff filed the retaliation claim at issue, she had filed prior equal employment opportunity (EEO) complaints against Defendant. This provides the first of Plaintiff's elements. In order to prevail on a claim of retaliation, Plaintiff must also establish e that (1) the actions complained of constituted an "adverse employment action" and (2) a causal connection exists between the protected activity and the adverse employment action. Once Plaintiff puts forward her evidence on these elements, she must then establish that the evidence creates a genuine issue of material fact which remains in dispute. Sanchez v. Denver Public Schools, supra.

To support her case in response to Defendant's motion, Plaintiff presents a myriad of facts and deems all of them contested. However, most of what Plaintiff asserts has already been decided against her by the judgment entered April 5; and those facts decided earlier have not been considered again.

## Material Facts

Plaintiff filed her complaint of retaliation on February 11, 1994. This complaint alleged (1) that Defendant's employee Roberto Valenzuela had ended a conversation with the Plaintiff by the statement "thanks hon," and that he did so intending to "demean and humiliate" her, (2) that Defendant's Chief EEO Counselor at Kirtland Air Force Base, Bettie Spencer, condoned Valenzuela's actions because she had failed to develop or enforce "rules of professional conduct"

3

within the office, and (3) that Defendant's supervisor, Colonel Sanchez, had "abrogated his responsibility as commander, by failing and neglecting to discipline" either Valenzuela or Spencer. As a remedy Plaintiff requested removal of Spencer and Valenzuela and compensatory damages. Defendant's Ex. A.

In an affidavit prepared as part of the agency's investigation of this complaint, Plaintiff expands her explanation of the complained of retaliation by alleging that Ms. Spencer's retaliatory acts included a failure to investigate Plaintiff's prior employment discrimination complaints and the failure of Ms. Spencer's office to provide Plaintiff with "proper EEO counseling as required by EEO MD-110 and EEOC regulation 29 CFR 1614." In this same affidavit, Plaintiff lists several other failures of the EEO program at Kirtland Air Force Base and provides some explanation of the event that was the subject of the written complaint dated February 11, 1994. That event, according to Plaintiff's original writing, centered solely on Roberto Valenzuela's use of the term "hon." In the affidavit dated June 7, 1994, Exhibit B to Defendant's Motion, Plaintiff contends Valenzuela's remark also encompassed his refusal to meet with her to discuss her discrimination complaints or to attempt informal resolution of those complaints.

> After I filed a formal complaint, I received a counselor's report containing misleading or false statements as well as misrepresentation of my complaint. Valenzuela called me at work to meet on my complaint. I requested that he include my representative LIBERTAD. He ended the conversation by saying "thanks hon." My discrimination complaints were not counseled by Valenzuela, Newby, Medrano, or even their supervisor, Spencer. I was later accused to refusing to meet for counseling. Defendant's Ex. B, Aff. at p.3.

Plaintiff's affidavit then continues with facts relating to the failure of EEO personnel at

4

Kirtland Air Force Base to process and investigate Plaintiff's complaints and with multiple criticisms of the Kirtland EEO program. The affidavit concludes with the statement that Plaintiff was constructively discharged. While an affidavit signed by Robert Valenzuela denies the statement of which Plaintiff complains, and indicates that after the February 11 complaint, Valenzuela was no longer assigned to work on Plaintiff's EEO complaints, for purposes of Defendant's motion for summary judgment, Plaintiff's statements, and not Valenzuela's denial, are taken as true. The extension of Valenzuela's verbal comment to his refusal to meet with Plaintiff or to arrange for an informal conciliation of her prior complaints is reasonably enough related, if Plaintiff is given the benefit of every inference, to be considered within the scope of the February 11 complaint and is also taken as true.

Broad and generalized statements criticizing the Kirtland EEO program, on the other hand, even if considered within the scope of Plaintiff's February 11 complaint, are immaterial. First, neither a negligently inadequate nor an intentionally ineffective EEO program excuses Plaintiff from establishing the traditional elements of her prima facie case or satisfies one of those elements. Secondly, the poor EEO process Plaintiff describes has little, if any, lasting consequence to Plaintiff and none to the ultimate success or failure of her employment discrimination complaints. Kirtland's EEO program and complaint processing mechanisms are not the close of an employment discrimination case against a federal employer, but only the first step. 29 C.F.R. Part 1614, Subpart D. Thus, even if the general accusations Plaintiff makes regarding the Kirtland EEO program are all taken as true, these circumstances cannot constitute an adverse employment action or create a causal link between Valenzuela's derogatory remark and a change in Plaintiff's employment status.

Widespread problems within the EEO complaint processing system at Kirtland Air Force Base which Plaintiff struggles to make germane to this case are not. The ineffectiveness Plaintiff relates, intentional or not, may prolong the EEO process for Plaintiff, but does not end it. The administrative process in only one component of Plaintiff's right to pursue claims of employment discrimination; and if the Kirtland EEO process is ineffectual, Plaintiff only needs to wait it out. She has recourse in a formal, structured and available appeals process that can bring her everything the agency process might accomplish. Id. Thus, while it may be true that Kirtland's EEO complaint processing is as abhorent as Plaintiff describes it and that no EEO personnel are willing to investigate or conciliate Plaintiff's complaints, Plaintiff is harmed only by the delay, inconvenience and frustration. All of what Plaintiff argues as to Kirtland's inadequacies is therefore beside the point.

Plaintiff is required to file every complaint of employment discrimination with Defendant's agency in its EEO office and then she is legally required to allow the agency 30 days for "pre-complaint processing" and 180 days for a formal complaint process. 29 C.F.R. sections 1614.105 and 1614.106. If the EEO process fails at the agency level, for whatever reason, Plaintiff's is nevertheless required to utilize the process, even if she knows that after filing a complaint the Kirtland EEO office will allow the complaint to sit for the length of the agency's jurisdiction. Whether Defendant's EEO office investigates and attempts to conciliate the complaint or fails completely to process it within the time allotted by the regulations, Plaintiff has exhausted her administrative remedies and can move on to the next step. Id. The deficiencies in the EEO program in the long term, then, work more to Defendant's detriment because Plaintiff can achieve full relief from the Equal Employment Opportunity Commission or from a federal

district court. 29 C.F. R. Part 16 Subpart D.

At the very most, absence of an authentic investigatory or conciliation process within the EEO program at Kirtland Air Force Base may amount to a debasing of the entire EEO process and make it more likely that one of its employees would make a demeaning and derogatory remark to a complainant. Yet, for purposes of Defendant's motion for summary judgment, the fact that the remark occurred and that it was intended to be demeaning and humiliating are facts already taken as true. No matter how viewed, then, accepting that Defendant has an inefficient EEO program at Kirtland Air Force Base does nothing to advance Plaintiff's case. (Accusations that Defendant may have an illegally discriminatory EEO program are outside the scope of Plaintiff's complaint filed on February 11, 1994 complaint and not considered.)

## Adverse Employment Action

Courts which have considered whether or not isolated and unsubstantiated oral statements, including verbal reprimands and "unnecessary derogatory comments" are within the definition of an adverse action against the employee have determined they are not, unless they are accompanied by evidence that the oral statements had some impact on the employee's employment status. Sanchez v. Denver Public Schools, supra at 532-533. "'Retaliatory conduct other than discharge or refusal to rehire is thus proscribed by Title VII only if it alters the employee's 'compensation, terms, conditions, or privileges of employment,' or 'adversely affect[s] his [or her] status as an employee.' It follows that 'not everything that makes an employee unhappy' qualifies as retaliation. . . . '" Id. at 533, quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997).

Constructive discharge, as Plaintiff alleges in her affidavit, clearly constitutes an adverse

7

action. Plaintiff offers nothing, however, to explain how referring to her as "hon" could have such a drastic result. Plaintiff provides no nexus whatsoever between the remark and being forced out of her position. Only if Plaintiff establishes the comment as a cause will it satisfy the element of Plaintiff's prima facie case that requires an adverse employment action and Plaintiff fails to suggest a connection.

Whatever Plaintiff views as the causes of her constructive discharge, she does not itemize them. Plaintiff's statement that she was constructively discharged appears in isolation. Despite the length and detail of Plaintiff's many explanations of her case which appear repetitively throughout the file, she does not set out the sequence of events which she believes resulted in the need to leave her position in Defendant's employ. Plaintiff states generally that Defendant's refusal to accommodate her health needs left her unable to continue working. The law, however, sets a difficult and objective standard.

> Constructive discharge occurs when "the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign."Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir. 1986). "Essentially, a plaintiff must show that she had 'no other choice but to quit. . . .'" Yearous v. Niobrara County Mem'l Hosp., 128 F.3d 1351, 1356 (10th Cir. 1997) (quoting Woodward v. City of Worland, 977 F.2d 1392, 14-1 (10th Cir. 1992). The conditions of employment must be objectively intolerable; the "plaintiff's subjective views of the situation are irrelevant." Id.

The law appears to be well-settled. It also appears that what Plaintiff presents in response to Defendant's motion cannot satisfy legal requisites of either an adverse employment action or a constructive discharge. As in Sanchez v. Denver Public Schools, supra, I have no doubt that Plaintiff "found her working conditions extremely difficult, and that the stress exacerbated her

8

health problems, Id. at 533. Yet, as the court decided in the Sanchez case, I cannot conclude from what Plaintiff presents that objectively she had no choice but to resign. I do not find in what Plaintiff presents, including Plaintiff's Supplement to Response to Defendant's Motion to Dismiss, any evidence whatsoever that links Valenzuela's remark (whether or not it is viewed in the context of an intentionally ineffective EEO process) with the grievous consequences Plaintiff discusses in her affidavits and other documents.

Plaintiff states in her Supplemental Response to Defendant's motion that Spencer, Valenzuela and others lied to her, filed false and misleading affidavits, continuously attempted to contact her about her employment discrimination complaints when her representative was not available, and otherwise generally obstructed the process of the EEO process in her regard. Yet, again, this is all beside the point. If it is not, Plaintiff gives no indication why not. More importantly, none of these complaints were stated in Plaintiff's filing of February 11.

Plaintiff also fails to explain how an individual's acts of lying, contacting her on her complaint when she was without a representative, and generally making the processing of her employment discrimination complaints difficult or impossible are to be attributed to Defendant. First, Plaintiff nowhere identifies Valenzuela as an EEO supervisor or in a position which confers decision-making authority over Plaintiff's complaints or over the EEO process at Kirtland Air Force Base. Secondly, Plaintiff does not counter Valenzuela's assertion that after the February 11 complaint was filed, he was immediately removed from handling Plaintiff's EEO complaint. The presumption, therefore, must be that even if Valenzuela was a part of the problem before February 11, he was not afterward. Again, either way it is viewed, Plaintiff cannot link Valenzuela's act to an adverse action by the employer which changed Plaintiff's

9

employment status, and, taking all that Plaintiff relates as true, Plaintiff fails to present any evidence or any argument that provides this element of her prima facie case.

"A tangible employment decision requires an official act of the enterprise, a company act." Dedner v. State of Oklahoma, __ F.Supp. 2d __, 1999 WL 179330 (E.D. Okla. 1999). Under any construction of what Plaintiff presents, Valenzuela's use of a derogatory term directed at the Plaintiff does not satisfy the "company act requirement," and nothing that follows Valenzuela's statement, and nothing that Plaintiff suggests constitutes what the law defines as an adverse employment action. Plaintiff was not discharged, demoted, or reassigned. Her work situation, which may well have been horrible, did not change. Her status as an employee did not change.

Extending the allegations of intentional defeat of her EEO complaints to supervisors Bettie Spencer and Colonel Sanchez, Plaintiff still presents nothing to show that the failure to meet with her and the failure to enter into informal conciliation of her EEO complaint either creates an adverse employment action or is otherwise material to her claim of retaliation. The only reasonable inference is that the environment Plaintiff describes existed first, and the derogatory remarks made to Plaintiff occurred in its context. Again, while the former may have facilitated or encouraged the latter, or, inferring to Plaintiff's benefit, the former may have made it more likely that the derogatory remarks occurred, this, again, is already taken as true. Thus, Plaintiff's long arguments describing the failures of Kirtland's EEO process add little of real consequence and do nothing to establish the remaining elements of a retaliation case.

The remark "hon" is the only comment Plaintiff includes in her 1994 complaint. Granting Plaintiff every possible inference, I do not see how this comment can rise to the level of a

materially adverse employment action sufficient to satisfy Plaintiff's burden. No matter how the facts and inferences are combined, nothing indicates any possibility that a trial in this matter could establish otherwise. I find Plaintiff's case even less convincing than the Plaintiff's case in Sanchez v. Denver Public Schools, supra, where an employee of the defendant used the term "an old fossil." In the Sanchez case, the remark complained of was one of many and was combined with several acts also said to be retaliatory. The Court of Appeals sustained a summary judgment in favor of the defendant because the conduct, the Court said, "simply does not rise to the level of a materially adverse employment action sufficient to satisfy the second prong of the prima facie case." Id. at 532. If the remark in Sanchez could not constitute an element of retaliation, I cannot see how less in the present case can do so.

Accepting as true all of the difficulties Plaintiff encountered daily in her work and in Defendant's EEO process at Kirtland, I still find it impossible to see how Valenzuela's remark "hon" could have been either a cause of the problems Plaintiff relates or a contributing factor to a constructive discharge. If Valenzuela's remark worsened Plaintiff's problems with the EEO process, Plaintiff does not explain, and in addition to what I have said about weaknesses in the process being immaterial, it is impossible to believe that all of what Plaintiff asserts unfolded specifically to defeat Plaintiff's claims. As I understand what Plaintiff relates in criticism of the Kirtland EEO process, it is fault of the program as a whole. It is chronic, as Plaintiff details it, and not a direct result of Plaintiff's Title VII claims or a way of directing wrath at the Plaintiff personally. I cannot find from what is presented that Kirtland turned its entire EEO process from good to bad in order to stop the processing of the Plaintiff's complaints.

Once more, then, I do not find any adverse employment action taken against the Plaintiff

11

or alleged in what Plaintiff asserts. It appears Plaintiff is saying that Defendant's refusal to accommodate her health problems was the cause of her intense difficulties in the workplace. If that is the case, an implacable EEO process may well have added to Plaintiff's frustrations and, certainly, failed to provide the relief it might have, but I can see no causal link between Valenzuela's remark and the ultimate workplace situation. By calling Plaintiff "hon," Valenzuela may have added to her already present discomfort, frustration and stress, but unless Plaintiff is unreasonably sensitive, Valenzuela's remark could not have created these feelings with the intensity that Plaintiff describes them.

I find and conclude, therefore, that Plaintiff fails to present any evidence whatsoever of a prima facie case of retaliation. She presents no adverse employment action nor any nexus whatsoever between what existed or occurred later in Plaintiff's work environment that could have been caused by a derogatory remark. Plaintiff has therefore failed to carry her burden, and summary judgment is appropriate for Defendant.

## Future Filings

In addition to the above matters, I find that over the course of this litigation, Plaintiff has raised the same arguments and filed the same materials several times over. I find much, if not most, of her filings are redundant and argumentative. Some are also frivolous. In the past I have cautioned the parties that the file in this case was several times the size it ought to be because of the duplication of arguments and documents, but Plaintiff paid no notice whatsoever to my warnings and concerns. At the same time, Plaintiff has stated that she is unable due to pain and the absence of an attorney to file a pretrial order, which is the only filing that would have been pertinent. To this point, a pretrial order has not been filed, even though Plaintiff was ordered to

do so several weeks ago; and it appears Plaintiff is interested more in being argumentative and dilatory than she is interested in being helpful to the court or in illuminating the issues at hand. In any case, Plaintiff certainly has had ample opportunity to put forward everything she has considered relevant and more. It is time for the repetitive and argumentative filings to cease.

Regardless of the matter Plaintiff desires to raise, she is not to file anything further in this case without my permission. I am inclined to strike the many redundant and contentious filings now contained in the record of this case, but because Defendant's counsel has answered these several motions, I will leave the record as it stands. I will revisit the question, however, if Plaintiff sends me a steady stream of requests to file more argument and heeds the present admonition no more than she did the last. If this occurs, I will consider again whether the file in this case should be reduced and some of Plaintiff's inordinate amount of paperwork stricken. In short, Plaintiff is to end the combative tactics she has exhibited in the past and she is to stop filing in this case on a weekly basis. Should the Plaintiff file and the clerk's office accept anything more, it will be stricken summarily without further notice to the parties.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion for summary judgment on the sole remaining claim be granted and the case in its entirety be dismissed with prejudice;

IT IS FURTHER ORDERED that Plaintiff not file nor the Clerk of the Court accept anything further in this case without my prior written permission.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE